# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9265 | **DATE** | April 13, 2004 |
| **CASE TITLE** | *U.S. ex rel. Hong* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] After careful consideration of the entire record, Hong's § 2254 petition [1-1] is denied in its entirety. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 1 4 2004 date docketed | |
| | Notified counsel by telephone. | | | 13 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 APR 13 AM 8:54 | date mailed notice | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ex rel. ALFRED HONG, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 03 C 9265 | |
| ) | | **DOCKETED** |
| DAVID FREEMAN, ) | | |
| Respondent. ) | | APR 1 4 2004 |

## MEMORANDUM AND ORDER

Petitioner Alfred Hong's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Hong's petition is denied.

**I.    Background**

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Hong has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir.2002). The court thus adopts the state court's recitation of the facts, and will briefly summarize the key facts which are relevant to Hong's § 2254 petition.

Rose Yee, and her husband, Gym Yee, were Hong Kong immigrants. They helped Hong and his family immigrate from Hong Kong in the 1960s. The Yees owned a restaurant where Hong and his father worked. They subsequently sold the restaurant to Hong's father. Hong later opened his own restaurant.

Hong had significant financial problems. First, he was a regular patron at an off-track betting parlor, where he typically bet approximately $400 per day, three to four days per week. Second, he was often in arrears with the rent for his restaurant and generally paid his rent only

when he was served with eviction notices. As of August of 1997, Hong owed his landlord $16,000. Third, he owed over $20,000 in back state and federal taxes. Fourth, Hong owed Gym Lee $12,000.

To address these problems, Hong opened numerous credit cards in Gym Yee's name, rented a post office box in his and Yee's names, withdrew $13,100 from the Yees' money market accounts, and acquired a credit card in Gym Yee's name. At the time of his arrest, his wallet contained receipts for the money market withdrawals and a receipt for the post office box. It also contained two driver's licenses (one in his name and one in Gym Yee's name). Hong also unsuccessfully attempted to obtain a $15,000 loan from First Chicago Bank in Gym Yee's name, but the loan application was denied due to excessive credit card debt.

Clara Hong, Hong's wife, found out about Hong's financial situation in July of 1997 and told him she wanted a divorce. On the morning of August 26, 1997, the Hongs argued and Clara Hong again asked for a divorce. The Hongs went to their restaurant and Hong went into the restroom. Clara heard a gunshot and Hong emerged from the restroom unscathed but holding a gun. He told her that he wanted to kill himself so his family could collect his life insurance.

Later that evening, Rose and Gym Lee retired for the night in separate bedrooms in their apartment in Highland Park, Illinois. Rose was awakened when someone attacked her. Rose fought back but was badly beaten and severely cut with a razor. Gym came into the room and Rose was able to flee and obtain medical attention. In the meantime, Gym held down the intruder, who turned out to be Hong, until the police arrived.

At trial, Hong presented an insanity defense. Christopher Anderson, a counselor specializing in compulsive gambling testified for the defense. He stated that Hong was a

compulsive gambler who had reached the desperation stage and concluded that Hong was a pathological gambler. In addition, Bernard Block, a psychiatrist, testified that Hong's financial problems, his chronic gambling, and his marital difficulties were all stressors that led to a psychotic episode at the time that Hong entered the Yees' apartment. Block also concluded that Hong was unable to conform his actions to the requirements of the law. On cross-examination, Block admitted there was no evidence that Hong was suffering from hallucinations or delusions at the time of the attack and that the only evidence supporting his theory of a psychotic episode was the fact that Hong exhibited disorganized thinking.

In rebuttal, Henry Lanmeyer testified on behalf of the State. He examined Hong and concluded that he was antisocial and a pathological gambler. Nevertheless, he opined that gambling is not a psychosis and that pathological gamblers are in touch with reality and understand the law and its consequences. Finally, he conducted reality testing, which assesses an individuals' ability to think with clarity about daily activities and understand what is real and what is not. He concluded that Hong did not suffer from a reality disorder.

A jury convicted Hong of attempted first degree murder and home invasion. He was sentenced to consecutive terms of imprisonment of fourteen and eight years of incarceration, respectively. Hong unsuccessfully appealed and then unsuccessfully sought state collateral relief. In his § 2254 petition, Hong contends that: (1) the trial court erred when it admitted evidence relating to Hong's financial crimes and Hong's counsel on direct appeal was ineffective for failing to raise this issue; (2) the state court erred when it summarily dismissed Hong's state post-conviction petition; (3) Hong's consecutive sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) the police violated Hong's Fourth Amendment rights when they removed evidence from his home and business. These issues are all properly before the court.

II.  Discussion

  A.  Threshold Matters

The court will begin by summarizing the rules governing exhaustion and procedural default and by recapping the standard of review that guides this court in resolving Hong's § 2254 petition.

   1.  Exhaustion and Procedural Default

Before this court may reach the merits of Hong's federal habeas claims, it must consider whether he has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir.2002).

    a.  Exhaustion of State Court Remedies

To exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents them to a federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits or when no means of pursuing review remain available. *Boerckel*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c). Here, Hong has exhausted his state court remedies because no state court relief is available to him at this stage in the proceedings.

    b.  Procedural Default

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey*, 294 F.3d at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal claims to the state court, *Boerckel*, 526 U.S. at 844. It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement, *Stewart v. Smith*, 536 U.S. 856 (2002). If an Illinois

appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir.2003).

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### 2. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively"

unreasonable. *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet,* 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if one of several equally plausible outcomes); *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

### B. Hong's Claims

#### 1. Ineffective Assistance of Counsel – Other Crimes Evidence

In his state post-conviction petition, Hong argued that his counsel in his direct appeal was ineffective because he did not seek to exclude evidence relating to Hong's financial crimes. Before trial, the trial court issued an interlocutory order finding that certain evidence relating to his financial crimes was inadmissible. The State nevertheless presented this evidence and Hong's counsel did not object.

On direct appeal, the Illinois Appellate Court found that the admission of the financial crimes evidence was proper because it was highly probative as to Hong's motive. The court also noted that the trial court repeatedly gave the jury a limiting instruction. It thus concluded that the trial court did not abuse its discretion in admitting the evidence.

In his post-conviction appeal, the Illinois Appellate Court began its discussion of Hong's ineffective assistance argument with a citation to the well-known standard set forth in *Strickland v. Washington,* 466 U.S. 668, 694 (1984) (counsel is ineffective if his representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been different). The court found that the prior ruling affirming the admissibility of the other crimes evidence was res judicata and was, in any event, correct. It then rejected Hong's request for collateral relief based on counsel's failure to object to that evidence, stating that "because the evidence was admissible, no basis exists upon which trial counsel could have successfully objected." *People v. Hong*, No. 2-01-146 at 16 (Ill. App. Ct. Mar. 15, 2002) (unpublished order).

The failure to raise a losing argument, whether at trial or on appeal, is reasonable and thus does not constitute ineffective assistance of counsel. *Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir.2002); *Stone v. Farley*, 86 F.3d 712, 718 (7th Cir. 1996). Consequently, the performance of Hong's counsel met the objective standard of reasonableness required by *Strickland*. He is, therefore, not entitled to federal habeas relief as to this claim. *See Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir.2002) (if a defendant fails to satisfy one of the *Strickland* prongs, the court's inquiry under *Strickland* ends).

## 2. Summary Dismissal of Hong's State Post-Conviction Petition

Illinois law requires a judge to summarily review a state post-conviction petition within ninety days after it is filed and docketed. 725 ILCS 5/122-2.1(a). If a judge does not summarily dismiss the petition within this ninety day period, the petition must be docketed for further proceedings. 725 ILCS 5/122-2.1(b). In his state post-conviction petition, Hong contended that the trial court dismissed his petition after the ninety day period had expired so its order was void and he was entitled to more elaborate proceedings to resolve his claims.

This argument was based on Hong's belief that the ninety day period began on the day he mailed his petition. The Illinois Appellate Court, however, found that the date that the petition was docketed was the proper beginning of the ninety day period. It thus concluded that the trial

court had dismissed the petition in a timely manner. Issues relating to state law post-conviction procedure are not cognizable on federal habeas review. *Montgomery v. Meloy*, 90 F.2d 1200, 1206 (7th Cir. 1996). Thus, Hong's request for relief is barred.

### 3. *Apprendi*

Next, Hong contends that his consecutive sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Illinois Appellate Court found that *Apprendi* was not retroactively applicable and thus could not help Hong. The Seventh Circuit has also held that *Apprendi* is inapplicable to cases on collateral review. *Curtis v. United States*, 294 F.3d 841 (7th Cir.), *cert. denied*, — U.S. —, 123 S.Ct. 451 (2002). Hong's *Apprendi* argument must, therefore, fail.

### 4. Fourth Amendment

Finally, Hong argues that the police violated his Fourth Amendment rights when they removed evidence from his home and business. The Illinois Appellate Court found that Hong had waived this argument by failing to develop this contention in his appellate brief. It also noted that no basis for the argument was readily apparent. It thus found that Hong had waived the argument. The court has carefully examined Hong's post-conviction appellate brief. It agrees with the Illinois Appellate Court that Hong did not present an understandable argument as to the basis of his Fourth Amendment claim. *See* Hong's Pro Se Brief at 21.

In Illinois, points must be developed on appeal or they are waived. *See* Illinois Supreme Court Rule 341(e)(7). The failure to properly present a claim to the state courts is an independent and adequate state procedural ground which precludes habeas review if the state court found that the procedural defect barred it from resolving the defendant's claims on the merits. *See Dressler v. McCaughtry*, 238 F.3d 908, 912-13 (7th Cir. 2001). This is precisely what occurred here so Hong's Fourth Amendment claim is procedurally barred.

The court may nevertheless still grant relief on a procedurally defaulted issue if the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. at 750. Although Hong does not contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his default, the court will nevertheless consider whether these exceptions can help him.

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Hong failed to properly follow state procedural rules. Nothing in the record before the court indicates that an objective factor prevented him from doing so. Thus, cause does not excuse his default and the court's inquiry as to cause and prejudice is at an end.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d at 767, *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* Hong's petition, as well as the state court pleadings submitted to the court, do not contain any substantiated allegations of actual innocence. Thus, this exception does not apply.

## III. Conclusion

For the above reasons, Hong's § 2254 petition [1-1] is denied.

DATE: 4-13-04

*Blanche M. Manning*
Blanche M. Manning
United States District Court Judge

03cv9265.hab