IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. ALFRED HONG, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 03 C 9265 |
| ) | |
| DAVID FREEMAN, ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

The court previously denied petitioner Alfred Hong's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Seventh Circuit remanded this matter for reconsideration of his claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in light of *Blakely v. Washington*, 542 U.S.296 (2004), and *Booker v. United States*, 375 F.3d 508 (7th Cir. 2004), *aff'd by* 543 U.S. 220 (2005). For the following reasons, the court finds that Hong is not entitled to relief under § 2254.

I.  **Background**

The court will assume that the reader is familiar with the detailed summary of the facts in the court's prior orders. In short, the state court record shows that Hong had significant financial problems and, among many other people, owed money to his former mentor, Gym Yee. In an apparent effort to rid himself of the debt by murdering Gym Yee and his wife, Rose, Hong broke into the Yees' apartment and severely injured Rose by beating her up and attacking her with a razor. Gym came to Rose's aid during the attack and held down the intruder, who turned out to be Hong.

Hong was charged with attempted first degree murder and home invasion. The attempted murder charge read, in part: "[D]efendant . . . .with the intent to commit the offense of First Degree Murder, in violation of 720 ILCS 5/9-1(a) (1), knowingly performed a substantial step toward the commission of that offense, in that the said defendant without lawful justification and with the intent to kill Rose Yee, placed a pillow over the nose and mouth of Rose Yee and placed his hands around her neck, in violation of 720 ILCS 5/8-4(a); contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois. Indictment, 97 CF 2249 at p. 7 (County of Lake, Sept. 3, 1997). Count 6 of the home invasion charges brought against Hong alleged that Hong entered the Yee's home without authorization while armed with a razor and intentionally injured Rose Yee by "cut[ting] her arm with a razor."

At trial, Rose Yee, a police officer, and a paramedic testified that Rose was attacked with a razor blade. Their testimony established that Rose's wrist was cut by the razor blade in several places, one of the cuts "penetrated the muscle nearing the bone," and Rose lost "a substantial amount of blood . . . [her] blood pressure was quite low, and [the paramedic] was concerned that the loss of blood might be life threatening." Trial Transcript at p. 9-11.

A jury convicted Hong of attempted first degree murder and home invasion, both of which are class X felonies. *See* 720 ILCS §§ 5/8-4(c)(1) and 5/12-11(c). Under Illinois law, a trial court is required to impose consecutive sentences when: (1) at least one of the defendant's offenses is a Class X felony; (2) the two felonies were part of a single course of conduct; and (3) the defendant inflicted severe bodily injury. *See* 730 ILCS § 5/5-8-4(a)(i).

Here, both of Hong's convictions were for Class X felonies. With respect to whether Hong inflicted severe bodily injury, Hong denied that he had any intention to harm Rose Yee, stating, "But I still think I am not wild man. I am no intention to hurt Rose or Gym Yee [sic]." Transcript, Sentencing of April 8, 1999, at p. 83. In response, the prosecutor argued, "You [the court] had the opportunity to see the pictures, hear from the doctor, Judge, the nature and depth of the cuts in here, cuts that were made by a razor blade which would take some significant amount of force to inflict." *Id.* at p. 88.

After considering the parties' arguments, the court found that the two felonies were part of a single course of conduct and that Hong had inflicted severe bodily injury on Rose Yee by attacking her with a razor during the break-in. Specifically, the trial court explained:

> I don't think from the evidence in the case that this can be anything but a single course of conduct. So I find that that requirement of the law has been fulfilled
> .... I recall the testimony, the medical testimony and the individual testimony in the case very vividly with respect to the wounds to the victim in the case, the fact that there was an ulna nerve that was severed and the fact that there was an artery that was severed. And I conclude nothing but that that was severe bodily injury within the meaning of the statute. So as I read the law, I would find that 730 ILCS 5/5-8-4 mandates the imposition of consecutive sentences in this case.

*Id.* at p. 107. Based on these findings, Hong was sentenced to consecutive terms of imprisonment of fourteen years of incarceration for attempted first degree murder and eight years of incarceration for home invasion.

Hong unsuccessfully appealed and then unsuccessfully sought state collateral relief. He then filed a petition for a writ of habeas corpus, which was dismissed for failure to exhaust. After exhausting his state court remedies, Hong filed a second federal habeas petition and this court declined to grant the requested relief. Hong appealed and the Seventh Circuit granted a

certificate of appealability and remanded this case in light of the Supreme Court's recent decisions in *Blakely* and *Booker*.

On remand, the court again denied habeas relief, but later vacated this ruling based on a motion to reconsider filed by Hong and appointed counsel to represent Hong. Hong, through counsel, filed an amended habeas corpus petition contending that the trial court's imposition of consecutive sentences violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## II. Discussion

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *See Lockyer v. Andrade*, 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a

-4-

state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet*, 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if one of several equally plausible outcomes); *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

**B.** *Apprendi*

Hong contends that his sentence violates *Apprendi* because the jury never had an opportunity to determine, beyond a reasonable doubt, whether he was guilty of committing an act causing severe bodily injury pursuant to the aggravated battery statute. According to Hong, the findings of fact made by the judge at sentencing and the conclusion that those facts constituted "severe bodily injury" should have been made by a jury, especially in light of Hong's testimony at sentencing that he did not mean to harm Rose Yee. Hong also asserts that the state court's findings regarding "severe bodily injury" violate his due process rights because they did not identify the standard of proof used by the court (*e.g.*, beyond a reasonable doubt standard, preponderance of the evidence, etc.).

The Illinois Appellate court rejected Hong's *Apprendi* claim because it held that *Apprendi* is not implicated in consecutive sentencing claims. This conclusion is in line with the Seventh Circuit's position on this issue. *See United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002); *United States v. Knox*, 287 F.3d 667, 669 (7th Cir. 2002); *see also U.S. ex rel. Thomas v. Hinsley*, 379 F. Supp. 2d 924, 925-26 (N.D. Ill. 2005) (following *Noble* and rejecting a claim based on *Apprendi* where the petitioner's consecutive sentences did not result in a sentence longer than the combined statutory maximum). For example, in *Noble*, the Seventh Circuit

- 5 -

explained that "*Apprendi* requires that a jury determine all facts (other than a prior conviction) that would raise a sentence above its statutory maximum" so where a sentence does not exceed the combined maximum for both counts, there can be no *Apprendi* violation. 299 F.3d at 909-10. Here, Hong does not contend that his sentence exceeds the combined maximum for attempted murder and home invasion. This means that the rule in *Apprendi* is not implicated.

This is the case even though the sentencing court, and not the jury, found that Hong's use of a razor constituted "severe bodily injury" because this factual finding went only to the way in which Hong would serve his sentences (*i.e.*, consecutively or concurrently), and was not used to increase the individual sentences for Hong's offenses. *See United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005) ("Judicial factfinding does not, on its own, violate the Sixth Amendment, even when that factfinding is the basis for enhancing a defendant's sentence," as long as the factfinding does not enhance the maximum sentence to which that defendant is subject); *Dyse v. Hinsley*, No. 03 C 4147, 2004 WL 2318848 at *2 (N.D. Ill. Oct. 12, 2004) ("*Apprendi* is not violated by the imposition of consecutive sentences, based on facts found by a judge, so long as the aggregate length of the sentence does not exceed the combined statutory maximum sentences of the individual counts"). In other words, *Apprendi* and its progeny do not require that facts used to determine how an inmate serves his multiple sentences must be submitted to the trier of fact and proven beyond a reasonable doubt. *See U.S. v. Booker*, 543 U.S. at 244 (under *Apprendi*, the Sixth Amendment right to trial by jury requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

In the interests of completeness, the court acknowledges Hong's contention that the trial court's factfinding was not based on facts established beyond a reasonable doubt and thus was improper. This argument is unavailing because it is not based on a claim that the challenged state court decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). In any event, it is incorrect.

As noted by the Illinois Appellate Court, trial testimony from Rose Yee, a police officer, and a paramedic established that Hong attacked Rose with a razor blade, cut her in several places (in one instance, almost down to the bone), and Rose lost enough blood to cause the paramedic to become concerned that the amount of blood loss and the resulting drop in her blood pressure could be life threatening. The court must presume that these factual determinations are correct for the purposes of habeas review as Hong has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002).

This is so even though Hong testified at sentencing that he did not mean to harm Rose or Gym Yee. This testimony is squarely at odds with the jury's finding that he was guilty of attempted murder. Specifically, when the jury found that Hong was guilty of attempted murder, it necessarily found that Hong, "with the intent to commit a specific offense" (here, attempted murder), committed "any act with constitutes a substantial step towards the commission of that offense." 720 ILCS § 5/8-4(a). Accordingly, Hong cannot avoid the jury's finding that he intended to murder Rose Yee by testifying at sentencing in a way which directly contradicts the jury's verdict.

Thus, the jury's findings regarding Hong's intent to murder Rose Yee stand despite Hong's testimony to the contrary. With respect to the severity of the wounds inflicted by Hong,

uncontroverted evidence shows that Hong caused Rose Yee to lose a potentially life threatening amount of blood due to multiple cuts with a razor, including an extremely deep wound that severed an artery. The record, therefore, unequivocally supports the sentencing court's conclusion that Hong's attack on Rose Yee with a razor in an effort to kill her constituted "severe bodily injury." *See Garcia v. Bowen*, No. 03 C 6085, 2005 WL 2614852 at *15 n.15 (N.D. Ill. Oct. 12, 2005) (denying habeas relief because the trial court's finding that the petitioner inflicted severe bodily injury was "eminently reasonable" where the petitioner shot the victim in the spine requiring surgery to remove the bullet).

### III. Conclusion

For the above reasons, Hong's § 2254 petition [1-1] is denied as the state court's decision was neither contrary to, nor involved an unreasonable application of, *Apprendi* and its progeny. The clerk is directed to enter judgment accordingly. The court also takes this opportunity to very sincerely thank Hong's appointed counsel, Robert Clarke of the Federal Defender Program, for his zealous advocacy on behalf of his client.

DATE: July 31, 2006

Blanche M. Manning
United States District Court Judge